JASON E.,

             Plaintiff,

     -v-

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,

             Defendant.

6:20-cv-06189-MWP

## ORDER

Plaintiff filed an action seeking judicial review of the decision of the Commissioner of Social Security, which denied his claim for Disability Income Benefits, pursuant to 42 U.S.C. § 405(g). Both parties filed Motions for Judgment on the Pleadings, and oral argument was held on May 20, 2021.

This Court has reviewed the parties' competing motions together with their respective memoranda of law, and the arguments of Justin M. Goldstein, Esq. of the Law Offices of Kenneth Hiller, PLLC, attorney of record for Plaintiff, and Brittany J. Gigliotti, Esq., Special Assistant United States Attorney for the Western District of New York, attorney of record for Defendant. Now, upon all pleadings, the administrative record, the parties' memoranda of law, and the arguments of the parties,

It is ORDERED and ADJUDGED, for the reasons stated in open Court at the oral argument of this matter on May 20, 2021, pursuant to 28 U.S.C. § 636(c) and the parties' consent, and consistent with this Court's ruling from the bench following oral argument,

the decision of Defendant Commissioner is Affirmed; and it is further

ORDERED and ADJUDGED, that Plaintiff's motion for judgment on the
pleadings (ECF No. 11) is Denied; and it is further

ORDERED and ADJUDGED that the transcript of the Court's Decision shall be
filed, and the Court Clerk shall issue Judgment in favor of the Commissioner and close
this case.

**SO ORDERED.**

MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

DATED: June 22, 2021
Rochester, New York

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK


- - - - - - - - - - - - - X
JASON MICHAEL ELEY,            )      20CV6189
                 Claimant     )
vs.
                              Rochester, New York
COMMISSIONER OF SOCIAL SECURITY, May 20, 2021
                 Respondent.            2:00  p.m.
- - - - - - - - - - - - - - X

**DECISION**
**Transcribed from an audio recording**
**All parties appearing via Zoom for Government Platform**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE


                    JUSTIN M. GOLDSTEIN, ESQ.
                    Law Offices of Kenneth Hiller, PPLC
                    6000 North Bailey Avenue, Suite 1A
                    Amherst, New York 14226


                    BRITTANY JOHANNA GIGLIOTTI, ESQ.
                    Social Security Administration
                    300 Spring Garden Street, Suite 600
                    Philadelphia, Pennsylvania 19123


**COURT REPORTER: Karen J. Clark, Official Court Reporter**
                 **Karenclark1013@AOL.com**
                 **100 State Street**
                 **Rochester, New York 14614**

J. ELEY VS. COMMISSIONER OF SOCIAL SECURITY

P R O C E E D I N G

         *          *          *

**(Whereupon, the proceeding began at 2:00 p.m. and arguments were made by counsel on the record.)**

**(TIME 2:52 P.M)**

14:14:22   MAGISTRATE JUDGE PEDERSEN:  Back on the
14:14:23 record, Mr. Boch?

14:14:24   THE CLERK:  We are, Judge.

14:14:26   MAGISTRATE JUDGE PEDERSEN:  I'm ready to
14:14:27 render my decision.  Title 405(g) grants jurisdiction to
17:06:13 district courts to hear claims based on the denial of
17:06:16 Social Security benefits.  Section 405(g) provides that
17:06:30 the district court shall have the power to enter, upon
17:06:33 the pleadings and transcript of the record, a judgment
17:06:35 affirming, modifying or reversing the decision of Social
17:06:39 Security with or without remanding the cause for a
17:06:42 rehearing.  It directs that when considering claims, a
17:06:45 Court must accept the findings of fact made by the
17:06:48 Commissioner provided that such findings are supported
17:06:51 by substantial evidence in the record.  Substantial
17:06:53 evidence is defined as more than a mere scintilla.  It
17:06:58 means such relevant evidence as a reasonable mind might
17:07:01 accept as adequate to support a conclusion.  To
17:07:04 determine whether substantial evidence supports the

1    J. ELEY VS. COMMISSIONER OF SOCIAL SECURITY

2    Commissioner's findings, the Court must examine the

3    entire record, including contradictory evidence and

4    evidence from which conflicting inferences can be drawn.

5    Section 405(g) limits the scope of the Court's review to

6    two inquiries:   Whether the Commissioner's findings were

7    supported by substantial evidence in the record; and

8    whether the Commissioner's conclusions are based on an

9    erroneous legal standard.

10    A person is disabled for purposes of SSI and

11    disability benefits if he or she is unable to engage in

12    any substantial gainful activity by reason of any

13    medically determinable physical or mental impairment

14    which can be expected to result in death or which has

15    lasted or can be expected to last for a continuous

16    period of not less than 12 months.

17    In assessing whether a claimant is disabled,

18    the ALJ must employ a five-step sequential analysis as

19    described in *Berry v. Schweiker*, 675 F. 2d 474m, Second

20    Circuit, 1982.   The claimant bears the burden of proving

21    his or her claims at steps one through four, and at step

22    five, the burden shifts to the Commissioner to show

23    there is other gainful work in the national economy

24    which the claimant could perform.

25    There are essentially four different areas

J. ELEY VS. COMMISSIONER OF SOCIAL SECURITY

in which the Plaintiff alleges the ALJ here erred.  The

first one we discussed was his failure to specifically

address the C and P, that is, compensation and pension

examination from March 24, 2016 at page 1783 through

page 1794 of the record.  Under 20 CFR 404.1520(c), the

ALJ is required to articulate in his determination or

decision how persuasive he found all of the medical

opinions in the record.  This particular one was not

addressed.  The Commissioner urges me to find harmless

error in lack of addressing because this particular

record is consistent with the ALJ's determination that

only moderate limitations exist for this particular

claimant.  The Plaintiff argued that harmless error

analysis is not applicable in medical opinions, and

cited, among other cases, the case of *Joseph M v. The*

*Commissioner*, at 2021 Westlaw 841403.  And at page 14 of

that case, I found that the district court judge

reviewing the ALJ's decision there did apply harmless

error analysis and found that the error there was not

harmless because the report that the ALJ only gave

slight weight to was far more disabling than the other

reports the ALJ relied on.  I do find that I can apply a

harmless error analysis here and determine that the

ALJ's lack of addressing this report is harmless in that

J. ELEY VS. COMMISSIONER OF SOCIAL SECURITY

this report contains evidence or opinions that are

consistent with the opinions the ALJ did rely on in his

ultimate determination that only moderate limitations

faced this claimant.

Next, the Plaintiff addresses what he

referred to as a gap in the ALJ's discussion of the

medical records from 2017 through 2018.  He actually

referred to 2015 through 2019.  The period of disability

here starts in September of 2016, and runs through to

2019.  The Commissioner pointed out at page 16 of the

record that the ALJ did refer to two different exhibits

11 F and 18 F in which the ALJ or which contains records

that go through that period of time.  However, the

Plaintiff pointed out that the ALJ's references to those

two exhibits were to specific pages in those exhibits

dealing with records from 2018 and 2019, specifically.

I do note, however, that on page 17 of his decision, he

states "I have considered all of the medical evidence of

record and treatment notes received during the

development of the record in conjunction with the

claimant's testimony at the hearing and concludes the

claimant's impairments considered singularly and in

combination result of the residual functional capacity

identified above."  Since the standard of evidence in

```
 1        J. ELEY VS. COMMISSIONER OF SOCIAL SECURITY
 2   this kind of a review is so low, I find that the two
 3   references in the decision adequately address the
 4   records from those dates.
 5        Next, the Petitioner points out that the ALJ
 6   did not consider a closed period of disability running
 7   from September of 2016 for at least a year after that.
 8   And the Commissioner points out at page 16 of the ALJ's
 9   decision that the Commissioner states, "Overall, the
10   claimant is affected by moderate social and adaptive
11   deficits caused by PTSD.  I acknowledge that the
12   claimant experienced a difficult period with increased
13   symptoms in 2016 in context of divorce, hospitalizations
14   and a period of homelessness.  However, this level of
15   dysfunction does not appear to have persisted beyond 12
16   months, and is, therefore, not a reliable indicator of
17   the claimant's base line level of functioning during the
18   period at issue."  The ALJ's reference to 12 months, I
19   find, is more than a mere scintilla of evidence
20   indicating that he did consider a closed period and
21   rejected it.
22        Finally, the Plaintiff points out that the
23   ALJ did not adequately analyze the opinion of Agnus R.
24   Jonas, J-o-n-a-s, a psychiatrist on page 16 of the ALJ's
25   decision.  He points out that only near the bottom of
```

1        J. ELEY VS. COMMISSIONER OF SOCIAL SECURITY

14:24:06    2    that paragraph and the top of the page does the ALJ

14:24:11    3    address what Dr. Jonas found was a marked limitation

14:24:14    4    regulating emotions, controlling behavior and

14:24:17    5    maintaining well-being.  There is no evidence of

14:24:30    6    limitation with maintaining personal hygiene and

14:24:33    7    appropriate attire, awareness of normal hazards and

14:24:37    8    taking appropriate precautions.  The Plaintiff points

14:24:49    9    out that these are simply summarizations of what Dr.

14:24:56    10   Jonas found and does not address Dr. Jonas's opinion,

14:24:59    11   except in this or these sentences, Dr. Jonas's opinion

14:25:04    12   is partially persuasive, although there is little

14:25:07    13   evidence from marked limitation regulating emotions and

14:25:10    14   behavior, especially in more recent treatment notes.

14:25:14    15   Her benign mental status exam results and mild to

14:25:28    16   moderate limitations are otherwise generally consistent

14:25:31    17   with the record.  And I note that under the new

14:25:33    18   regulation concerning medical records, which is 20 CFR

14:25:39    19   404.1520(c), under subdivision (b)(2), the most

14:25:47    20   important factors for the ALJ to consider are

14:25:52    21   supportability and consistency.  And I think the ALJ

14:25:57    22   adequately addressed those issues.  Therefore, overall,

14:26:01    23   I find that the ALJ's RFC determination and decision

14:26:05    24   concerning disability is supported by substantial

14:26:07    25   evidence in the record, and I grant the ALJ's -- the

J. ELEY VS. COMMISSIONER OF SOCIAL SECURITY

Commissioner's Motion for Judgment on the Pleadings and deny the Plaintiff's Motion for Judgment on the Pleadings. The Commissioner will settle an order with Plaintiff's counsel and attach and reference a transcript of this decision. Thank you very much counsel.

MS. GIGLIOTTI: Thank you, your Honor.

*   *   *

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript of the record to the best of my ability of proceedings transcribed from the audio in the above-entitled matter.

S/ Karen J. Clark, RPR

Official Court Reporter